UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IRWS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ELMORE COUNTY, et. al.,<br><br>  Defendants. | Case No. 1:23-cv-00485-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants' (collectively "Elmore County") Motion for Reasonable Attorney Fees and Costs. Dkt. 32. Plaintiff IRWS opposes the Motion. Dkt. 33.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY the Motion.

MEMORANDUM DECISION AND ORDER – 1

## II. BACKGROUND

The Court previously outlined the factual and procedural history of this case in detail and incorporates that discussion by reference. *See* Dkt. 30, at 1–8. Here, the Court will only briefly review some of the litigation history relevant to the present motion.

On November 2, 2023, IRWS filed its Complaint. Dkt. 1. Therein, IRWS alleged two causes of action. First, IRWS claimed a Due Process violation under the Fifth and Fourteenth Amendments based upon perceived deficiencies in the way Elmore County handled the revocation of its Conditional Use Permit ("CUP") to operate the Simco Road Regional Landfill in Elmore County, Idaho. *Id.* at 31–32. Second, IRWS claimed a violation of the Idaho Constitution under the same theory—that it was deprived of property without due process of law. *Id.* at 32.

On November 8, 2023, IRWS filed a Motion for Preliminary Injunction seeking to enjoin Elmore County from revoking its CUP. Dkt. 4. On November 20, 2023, Elmore County filed a Motion to Dismiss. Dkt. 15. The same day, IRWS filed a Motion for Temporary Restraining Order. Dkt. 17. On December 7, 2023, the Court held a hearing on all pending motions. Dkt. 28.

On December 21, 2023, the Court issued its Memorandum Decision and Order. Dkt. 30. There, the Court found that IRWS did not have a likelihood of success on either of its claims and that dismissal was appropriate. Specifically, as to its first cause of action for violations of due process, the Court found that IRWS did not have a protected property interest in its CUP and, as a result, was not entitled to any type of specific due process. *Id.* at 10–12. That said, the Court also found that the processes Elmore County engaged in

when revoking IRWS's CUP were sufficient to withstand scrutiny. *Id*. at 13–15. As for its second cause of action under the Idaho Constitution, the Court found that claim could not proceed as a matter of law. *Id*. at 16–17.

In sum, the Court denied IRWS's Motions for Preliminary Injunction and Temporary Restraining Order, granted Elmore County's Motion to Dismiss (*Id*. at 19), and entered judgment in Elmore County's favor (Dkt. 31). The Court did not allow IRWS an opportunity to amend its Complaint, holding that the law was clear as it relates to CUPs in Idaho.

On January 4, 2024, Elmore County filed the instant motion arguing it is entitled to reasonable attorney fees and other costs because IRWS brought its claims "frivolously and without any reasonable foundation in law." Dkt. 32-1, at 3. IRWS opposes the motion outright,[1] asserting that while the Court may have ultimately ruled against it, there was a legitimate basis for the suit.

### III. LEGAL STANDARD

In general, each party to a lawsuit bears its own attorney fees unless Congress has provided otherwise through statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

In any action to enforce a provision of 42 U.S.C. § 1983, the Court, in its discretion, may award the prevailing party their reasonable attorney fees as part of the costs. 42 U.S.C. § 1988(b). "Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). The Ninth

---

[1] Said another way, IRWS does not even mention hourly rates, hours billed, or total fees in its opposition brief. It objects to the award as a whole.

Circuit has determined that a prevailing civil rights *defendant* should be awarded attorney fees when the action brought is found to be "unreasonable, frivolous, meritless or vexatious." *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

## IV. ANALYSIS

Elmore County asserts IRWS's lawsuit was unreasonable, meritless, and without foundation and that, as a result, it should be reimbursed the fees and costs incurred in having to defend itself. In support, Elmore County points to the way IRWS proceeded with the litigation in general and the Court's decision granting judgment in its favor. IRWS counters that, while it is true "the Court ultimately disagreed with IRWS, that alone is not enough to show that the case was meritless from the outset." Dkt. 33, at 5. Under the circumstances, the Court agrees.

To begin, the Court does not feel the way IRWS proceeded with this case from a procedural standpoint reflects any unreasonableness in the case itself. To be sure, as the Court noted in its prior decision, there was some "confusion" on IRWS's part regarding how its time-sensitive requests should have been handled. That said, the Court does not see this as an indication of unreasonableness, but rather, as a lack of familiarity and experience with the federal rules and local rules. But this lack of familiarity is not a reason to award fees. Dkt. 30, at 6 n.2.

Next, the actual claims.

First, IRWS's Due Process claim required the Court to undertake an analysis of whether a person (or company) can have a protected property interest in a CUP in Idaho.

MEMORANDUM DECISION AND ORDER – 4

Determining whether something qualifies as a property interest is a difficult inquiry and the correct answer is not always clear.[2] Candidly, the Court's decision in this case was not as close of a call as other cases because the relevant caselaw—though limited—was largely against IRWS. That said, IRWS is correct that the Ninth Circuit has never addressed whether the *revocation* of a CUP should be treated differently than the application for a CUP when it comes to Due Process challenges. The Court did not see a material difference between the two, but IRWS's position is not squarely foreclosed. Relatedly, the fact that IRWS cited to an Arizona case and analogized how it could apply to the instant facts is what all good law students are taught to do. The Court did not find that case persuasive considering the overarching principle that *state law* determines whether what qualifies as a protected property interest (and that case focused on Arizona, as opposed to Idaho, law). But that does not mean that IRWS peddled a completely unreasonable and irrational theory in this case.

Ultimately the Court found the law was against IRWS on its Due Process claim. But, compared to many other areas of the law, there was not as deep of a well to draw from on that question. Thus, the Court does not find that IRWS's position was wholly meritless or frivolous.

Second, when confronted with applicable caselaw illustrating that its Idaho constitutional claim could not survive, IRWS withdrew the same. While it "somewhat

---

[2] By way of example, the Court recently spent numerous pages analyzing whether a university student had a protected property interest in her degree under Idaho law. *See Chelsey Dudley v. Boise State University et. al.*, 2024 WL 1973596, at *4–*8 (D. Idaho May 3, 2024).

MEMORANDUM DECISION AND ORDER – 5

confusingly" asked the Court to allow the claim to survive for injunctive purposes, the Court does not see this as an affront to the legal reasonableness of the claim itself, but an effort to preserve its ability to enjoin Elmore County's actions during the pendency of this suit. Again, the Court ultimately found IRWS's efforts in that regard were not a clean procedural way to request relief, but that does not mean that IRWS was striking so far afield that fees and costs must be assessed against it.[3]

## V. CONCLUSION

The Court determined IRWS's allegations in this case could not plausibly rise to the level of a constitutional violation because Idaho does not explicitly recognize a protected property interest in CUPs. But because of the rather limited caselaw on the subject, the Court cannot find that IRWS's efforts in bringing the instant suit were completely frivolous and unreasonable. For these reasons, the Court will not assess attorney fees against IRWS.[4]

///

///

///

---

[3] Elmore County also requested fees under Idaho Code Section 12-117. Because the Court will not be awarding fees under 42 U.S.C. § 1988, it will not be awarding fees under Idaho code either (as the standards are the same).

[4] Elmore County also requested $646.68 in costs. However, it did not follow Local Rule 54.1(a)(1) and use the correct form to make its request. Nor is there any indication it met and conferred with IRWS as required. *See Edmo v. Idaho Dep't of Correction*, 679 F. Supp. 3d 993, 1017 (D. Idaho 2022), aff'd in part, vacated in part, rev'd in part sub nom. *Edmo v. Corizon, Inc.*, 97 F.4th 1165 (9th Cir. 2024) (explaining the Court's tradition of holding counsel "strictly to the Local Rules, especially regarding bills of costs" (cleaned up) and emphasizing that the failure to meet and confer "begins and ends" the Court's analysis of whether to award costs. For these reasons, Elmore County's request for costs is also denied.

MEMORANDUM DECISION AND ORDER – 6

## VI. ORDER

**IT IS HEREBY ORDERED:**

1. Elmore County's Motion for Reasonable Attorney Fees and Costs (Dkt. 32) is DENIED.

DATED: May 9, 2024

_____
David C. Nye
Chief U.S. District Court Judge